Filed 7/18/14  P. v. Spencer CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DONALD R. SPENCER,<br><br>        Defendant and Appellant. | B252817<br><br>(Los Angeles County<br> Super. Ct. Nos. YA087515, SA082907,<br> BA333271) |

APPEAL from judgments of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Affirmed.

Hart J. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Donald R. Spencer appeals from the judgments of conviction in Superior Court case No. YA087515 (jury trial), and from Superior Court cases Nos. SA082907 and BA333271 (court trial/contested probation revocation hearings). We affirm.

In case No. YA087515, defendant was charged by information with second degree commercial burglary (CVS store) (Pen. Code, § 459; count 1)[1]; attempted second degree commercial burglary (Walgreens) (§§ 459, 664; count 4); and petty theft with three priors (CVS store) (§ 484, subd. (a), § 666, subd. (a); count 6). It was specially alleged defendant had suffered a prior conviction for robbery within the meaning of the "Three Strikes" law (§ 667, subds. (b)-(i), § 1170.12, subds. (a)-(d)).[2]

The events that resulted in the charges being filed against defendant occurred on the afternoon of May 27, 2013, in the City of Torrance when defendant, and his codefendant, drove to several stores, including a CVS drug store and a Walgreens, and took numerous items of merchandise without paying.

At the arraignment hearing in June 2013, defendant requested to represent himself. After giving the appropriate admonitions and taking defendant's waivers on the record, the court granted defendant's motion pursuant to *Faretta v. California* (1975) 422 U.S. 806. The court appointed standby counsel. Defendant pled not guilty. The court also informed defendant that his probation was being revoked in case Nos. SA082907 and BA333271. Defendant was therefore remanded without bail.

At the next scheduled hearing, defendant requested the appointment of counsel, and the court so ordered. Trial was continued to accommodate defense counsel who was engaged in another trial. During this same time period, defendant declined the prosecution's offer to resolve the case.

---

[1] All further undesignated section references are to the Penal Code.

[2] Defendant was charged with a codefendant (Arthur J. Wilson). Codefendant Wilson is not a party to this appeal.

Shortly before the start of trial, the court ordered the contested hearings on defendant's two probation matters to run concurrent with the trial on the current charges. The court also bifurcated trial of the prior strike allegations.

The prosecutor presented various witnesses, including the investigating police officers and the store employees who attested to the value of the various items of merchandise stolen on May 27, 2013. The prosecutor also presented a surveillance video showing portions of the burglaries in progress. Defendant moved for a mistrial based on an alleged discovery violation by the prosecutor (failure to turn over surveillance video from the CVS store). The court denied the motion, finding no discovery violation, in part because the prosecutor had not been in possession of the videotape.

Defendant did not present any witnesses and elected not to testify in his own defense. Defendant waived his right to a jury trial on the prior allegations.

The jury found defendant guilty as charged. In light of the jury's verdict and findings, the court found defendant in violation of probation in case No. SA082907 and case No. BA333271. A joint sentencing hearing was set for October 24, 2013.

At the start of the sentencing hearing, defendant admitted his prior conviction for second degree robbery (§ 211). Defendant was sentenced in case No. YA087515 to a state prison term of four years eight months, calculated as follows: the midterm of two years on count 1, the base count, doubled to four years because of the strike, plus a consecutive eight-month term on count 4 (one-third the midterm). A four-year term (the midterm doubled) was imposed and stayed on count 6 pursuant to section 654. Defendant was awarded 302 days of custody credits and ordered to pay various fines and fees.

In case No. SA082907, the prior strike case in which defendant had pled no contest to one second degree robbery count, the court imposed a consecutive one-year term (one-third the midterm), and credited defendant with 365 days of custody credits.

In case No. BA333271, arising from a 2007 petty theft with priors charge to which defendant had pled no contest, the court imposed a consecutive eight-month term (one-third the midterm), and credited defendant with 180 days of custody credits.

Defendant filed timely notices of appeal in all three actions. The three actions have been docketed under one docket number in this court, with case No. YA087515 designated the lead case, consistent with the lower court designation.

We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days. Defendant did not file a supplemental brief.

In response to a letter request by defendant's appointed appellate counsel, the trial court awarded defendant, in case No. BA333271, an additional eight days of custody credits, for a total of 188 days, and filed an amended abstract of judgment reflecting same with this court. The trial court's April 16, 2014 minute order reflects that an amended abstract was duly filed and forwarded to the Department of Corrections and Rehabilitation.

We have examined the entire record and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgments of conviction in cases No. YA087515, SA082907, and BA333271 are affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.          RUBIN, J.

4